UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NOALA FRITZ, *et al.*, <br><br> et al., <br><br>       Plaintiffs, <br><br> v. <br><br> ISLAMIC REPUBLIC OF IRAN, et al., <br><br> et al., <br><br>       Defendants | Civil Action No.: 15-456 (RDM) |

**PLAINTIFFS' FOURTH STATUS REPORT AND MOTION FOR SCHEDULING ORDER AND MEMORANDUM IN SUPPORT THEREOF**

On September 15, 2017, this Court ordered Plaintiffs to submit a status report on or before November 1, 2017 "detailing what, if any, discovery Plaintiffs intend to seek and proposing a schedule for any such discovery." September 15, 2017 Minute Order. Plaintiffs' Response to the Court's Order is set forth below.

Plaintiffs also seek relief pursuant to Fed. R. Civ. P. 45 and/or 30(b)(6) as described in the attached proposed order, and a memorandum of points and authorities is found below, specifically in paragraphs four and five.

1.      As the Court recognized in its August 18, 2017 Order (D.E. 22), the Islamic Republic of Iran ("Iran") was "served pursuant to 28 U.S.C. § 1608(a)(4) on January 31, 2017 and failed "to respond within the 60-day time prescribed by § 1608(d)." Plaintiffs now must establish their "claim or right to relief by evidence satisfactory to the court." 28 U.S.C. § 1608(e).

2. As the United States Court of Appeals for the District of Columbia Circuit recently noted in discussing the standard of evidence required in a default setting against a foreign sovereign:

> "The district court also has an unusual degree of discretion over evidentiary rulings in a FSIA case against a defaulting state sponsor of terrorism. For example, we have allowed plaintiffs to prove their claims using evidence that might not be admissible in a trial. *See Han Kim v. Democratic People's Republic of Korea*, 774 F.3d 1044, 1048-51, 413 U.S. App. D.C. 356 (D.C. Cir. 2014) (noting "courts have the authority − indeed, we think, the obligation − to adjust evidentiary requirements to differing situations" and admitting affidavits in a FSIA default proceeding) (internal alterations and quotation marks removed). This broad discretion extends to the admission of expert testimony, which, even in the ordinary case, "does not constitute an abuse of discretion merely because the factual bases for an expert's opinion are weak." *Joy v. Bell Helicopter Textron, Inc.*, 999 F.2d 549, 567, 303 U.S. App. D.C. 1 (D.C. Cir. 1993). Section 1608(e) does not require a court to step into the shoes of the defaulting party and pursue every possible evidentiary challenge; only where the court relies upon evidence that is both clearly inadmissible and essential to the outcome has it abused its discretion. This is part of the risk a sovereign runs when it does not appear and alert the court to evidentiary problems. *Cf. Bell Helicopter Textron*, 734 F.3d at 1181."

*Owens v. Republic of Sudan*, 864 F.3d 751, 785-86 (D.C. Cir. 2017).

3. Based on Iran's past failure to appear in similar federal court proceedings in this district, Plaintiffs anticipate that Iran will not appear in this proceeding nor will it participate in the discovery process mandated by the Federal Rules of Civil procedure—including the conference as contemplated by Federal Rule of Civil Procedure 26(f) and Local Rule 26.2. Accordingly, Plaintiffs anticipate there will be no party discovery pursuant to the Federal Rules.

4. However, Plaintiffs anticipate they will need to seek documents and testimony from several third parties including from a number of agencies of the United States Government. To obtain this evidence, Plaintiffs will be required to serve such agencies with subpoenas *duces tecum* and *ad testificandum* pursuant to Federal Rules of Civil Procedure 45 and 30(b)(6).

5. Under the Federal Rules, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Accordingly, and in light of Iran's default, Plaintiffs request that this Court issue an order authorizing Plaintiffs to issue subpoenas pursuant to Rules 45 and/or 30(b)(6). This request is reflected in the attached proposed order.

6. These federal agencies, in turn, will consider these requests and may raise objections in view of their own agency regulations promulgated pursuant to *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951). Plaintiffs intend to use their best efforts to reach informal resolutions with these agencies to obtain their disclosure of documents or provision of testimony voluntarily. Nevertheless, it may be necessary for Plaintiffs to enlist this Court to compel lawful requests or to seek orders authorizing the disclosure or testimony or to request the entry of an appropriate protective or sealing order.

7. Plaintiffs' proposed schedule set forth below anticipates this possibility and attempts to account for the time necessary to resolve these issues prior to the evidentiary hearing set for April 2018.

8. Pursuant to its Scheduling Order (D.E. 22) and September 15, 2017 Minute Order, the Court has already set the following dates in this matter:

- Trial brief due on or before **March 13, 2018**
- Prehearing conference on **March 27, 2018**
- Submission of Witness and Exhibit List on or before **April 6, 2018**
- Evidentiary Hearing on **April 10-12, 2018**
- Submission of Proposed Findings of Fact and Conclusions of Law on or before **May 12, 2018**

9. With those dates in mind, Plaintiffs propose the following additional dates with respect to discovery in this matter:

- Final Date of Service of All Subpoenas: **January 15, 2018**
- Final Date to File Motions to Compel: **February 26, 2018**

10. Plaintiffs submit that this schedule will ensure that evidentiary issues are resolved well in advance of the April 2018 evidentiary hearing.

Dated: November 1, 2017

Respectfully Submitted,

/s/ Steven R. Perles
Steven R. Perles (No. 326975)
Edward MacAllister (No. 494558)
Joshua K. Perles (No. 1031069)
PERLES LAW FIRM, PC
1050 1050 Connecticut Avenue
Suite 500
Washington, DC 20036
Telephone: 202-955-9055


/s/ Steven W. Pelak
Steven W. Pelak (No. 408744)
Michael O'Leary (No. 1014610)
Holland & Hart LLP
975 F Street, N.W.
9th Floor
Washington, DC 20004
Telephone: 202-654-6929


*Attorneys for Plaintiffs*