# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NOALA FRITZ *et al.*, |  |
| Plaintiffs, |  |
| v. | Civil Action No.: 15-456 (RDM) |
| ISLAMIC REPUBLIC OF IRAN *et al.*, |  |
| Defendants. |  |

## PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT ON LIABILITY AND MEMORANDUM IN SUPPORT THEREOF

Plaintiffs in the above-captioned matter respectfully submit this Motion for Entry of Default Judgment on Liability pursuant to Federal Rule of Civil Procedure 55 and 28 U.S.C. § 1608(e) against Defendants Islamic Republic of Iran ("Iran") and Iran's Islamic Revolutionary Guard Corps ("IRGC") for the hostage taking, torture, and extrajudicial killings of Jacob Fritz, Shawn Falter, Johnathan Bryan Chism, and Ahmed Al-Taie.

In support of their Motion, Plaintiffs rely on the complete record in this case including: (1) the testimony and exhibits presented during the trial held in this matter from April 10, 2018 through April 13, 2018; (2) Plaintiffs' prior pleadings and submissions; and (3) Plaintiffs' Proposed Findings of Fact and Conclusions of Law (Dkt. 59-1).  All of these are incorporated herein by reference.  Additionally, Plaintiffs submit the following points in support of their Motion.

## I.   DISCUSSION

### A.   Overview

Plaintiffs in this action are the estates and family members of U.S. service-members Jacob Fritz, Johnathan Chism, and Shawn Falter who were abducted, tortured, and murdered by

Iranian-supported militia in Karbala, Iraq on January 20, 2007 and U.S. service-member Ahmed Al-Taie who was abducted in Baghdad, Iraq on October 23, 2006 and subsequently held hostage, tortured, and murdered by Iranian-supported militia.  These two separate incidents of hostage taking, torture, and extrajudicial killings are strongly related and connected because both were planned and executed by the same individuals and network of Iraqi Shia militants, Asai'b Ahl al-Haq ("AAH"), acting with the training, funding, material support, protection, and direction of Iran and the IRGC's Qods Force as part of a coordinated scheme by the Government of Iran to target U.S. service-members in Iraq.

The estates and immediate family members of Jacob Fritz, Shawn Falter, and Johnathan Bryan Chism initiated this action on March 30, 2015.  Dkt. 1.  The estate and immediate family members of Ahmed Al-Taie joined the action in an Amended Complaint filed on November 5, 2015.  Dkt. 9.  Service of the Amended Complaint on Iran was properly effected on January 31, 2017 pursuant to the procedures set forth in 28 U.S.C. § 1608(a)(4). (Dkt. 19).  Service of the Amended Complaint on the IRGC was properly effected on December 10, 2017 pursuant to the procedures set forth in 28 U.S.C. § 1608(a)(4). (Dkt. 30).  Defendants did not respond or make an appearance within the required 60 days or at any time afterwards.  The Clerk of the Court subsequently entered defaults against both Defendants: Iran on August 14, 2017 (Dkt. 23), and the IRGC on March 27, 2018. (Dkt. 39).

From April 10, 2018 through April 13, 2018, this Court conducted a bench trial which included testimony from 13 witnesses (including fact and expert witnesses) and 88 exhibits.  The Plaintiffs supplemented the record post-trial with additional documentary exhibits subsequently obtained from the U.S. Army.  As set forth in detail in Plaintiffs' Proposed Findings of Fact and Conclusions of Law  ("Proposed Findings") (Dkt. 59-1), Defendants are liable under 28 U.S.C. §

1605A and the rule of law for the hostage taking, torture, and extrajudicial killings of Jacob Fritz, Shawn Falter, Johnathan Bryan Chism, and Ahmed Al-Taie.

### B.    Legal Standard

"Under Federal Rule of Civil Procedure 55(b)(2), the court may enter [a] default judgment upon application by a party seeking that relief." *Friends of Mayanot Institute, Inc. v. Islamic Republic of Iran*, No. 16-cv-01436, -- F.Supp.3d --, 2018 WL 2023498, at *3 (D.D.C. May 1, 2018).  "In the FSIA context, [a] default judgment may be entered if: (1) the court has subject matter jurisdiction over the claims; (2) personal jurisdiction is properly exercised over Defendant; and (3) Plaintiff has presented satisfactory evidence to establish its claim against Defendant." *Id.* at *4, citing *Thuneibat v. Syrian Arab Republic*, 167 F.Supp.3d 22, 33 (D.D.C. 2016)).  To obtain such default judgment, a plaintiff must demonstrate a right to relief "***by evidence satisfactory to the court***," 28 U.S.C. § 1608(e), a standard that may be met "through uncontroverted factual allegations, which are supported by . . . documentary and affidavit evidence." *Valore v. Islamic Republic of Iran*, 700 F.Supp.2d 52, 59 (D.D.C. 2010) (emphasis added and internal quotation marks omitted).  "This 'satisfactory to the court' standard is identical to the standard for entry of default judgments against the United States in Federal Rule of Civil Procedure 55(e)" and "[i]n evaluating the plaintiffs' proof, the court may 'accept as true the plaintiffs' uncontroverted evidence." *Campuzano v. Islamic Republic of Iran*, 281 F.Supp.2d 258, 268 (D.D.C. 2003) (citations omitted).

Critically, in assessing whether a plaintiff has established a claim under the FSIA, the court "must be mindful that Congress enacted Section 1605A, FSIA's terrorism exception, and Section 1608(e) with the 'aim[ ] to prevent state sponsors of terrorism—entities particularly unlikely to submit to this country's laws—from escaping liability for their sins.'" *Friends of*

*Mayanot*, *supra*, 2018 WL 2023498, at *4 (quoting *Han Kim v. Democratic People's Republic of Korea*, 774 F.3d 1047–48 (D.C. Cir. 2014)).  Thus, the U.S. Court of the Appeals for the D.C. Circuit in *Owens v. Republic of Sudan*, 864 F.3d 751, 785-86 (D.C. Cir. 2017), recently observed that a "district court also has an unusual degree of discretion over evidentiary rulings in a FSIA case against a defaulting state sponsor of terrorism":

> "For example, we have allowed plaintiffs to prove their claims using evidence that might not be admissible in a trial. *See Han Kim v. Democratic People's Republic of Korea*, 774 F.3d 1044, 1048-51 (D.C. Cir. 2014) (noting "courts have the authority — indeed, we think, the obligation — to adjust evidentiary requirements to differing situations" and admitting affidavits in a FSIA default proceeding) (internal alterations and quotation marks removed). This broad discretion extends to the admission of expert testimony, which, even in the ordinary case, "does not constitute an abuse of discretion merely because the factual bases for an expert's opinion are weak." *Joy v. Bell Helicopter Textron, Inc.*, 999 F.2d 549, 567 (D.C. Cir. 1993).  Section 1608(e) does not require a court to step into the shoes of the defaulting party and pursue every possible evidentiary challenge; only where the court relies upon evidence that is both clearly inadmissible and essential to the outcome has it abused its discretion. This is part of the risk a sovereign runs when it does not appear and alert the court to evidentiary problems. *Cf. Bell Helicopter Textron*, 734 F.3d at 1181."

*Id.*

## II.   DISCUSSION

### A.   This Court Can Properly Exercise Jurisdiction

The Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602–1611 ("FSIA"), provides the sole basis for obtaining jurisdiction over a foreign state in the United States.  *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 434 (1989).  Although the FSIA provides that foreign states are generally immune from jurisdiction in U.S. courts, the FSIA establishes certain exceptions in which a federal district court can obtain personal and subject matter jurisdiction over a foreign state.  *See e.g.*, *Owens v. Republic of Sudan*, 826 F.Supp.2d 128, 135 (D.D.C. 2011), *aff'd, Owens v. Republic of Sudan*, 864 F.3d 751, 785 (D.C. Cir. 2017).  Under the FSIA, a court can obtain personal jurisdiction over a defendant if the plaintiff properly serves the

defendant in accordance with 28 U.S.C. § 1608.  *See* 28 U.S.C. § 1330(b).  Subject matter jurisdiction exists if the defendant's conduct falls within one of the specific statutory exceptions to immunity.  *See* 28 U.S.C. §§ 1330(a), 1604.

The "terrorism exception" to the FSIA, first enacted as part of the Mandatory Victim's Restitution Act of 1996 and substantially expanded by section 1083 of the National Defense Authorization Act for Fiscal Year 2008, authorizes causes of action against foreign state sponsors of terrorism for "personal injury or death" arising from acts of torture, extrajudicial killing, aircraft sabotage, hostage taking, and the provision of material support. 28 U.S.C. § 1605A(a)(1).  Here, this Court has jurisdiction because service was proper and Defendants' conduct falls within the "state sponsor of terrorism" exception set forth in 28 U.S.C. § 1605A.

### 1.  Service of Process/Personal Jurisdiction

Under the FSIA, a court may exercise personal jurisdiction over a defendant if the state is properly served in accordance with 28 U.S.C. § 1608(a). *See* 28 U.S.C. § 1330(b); *Stern v. Islamic Republic of* Iran, 271 F.Supp.2d 286, 298 (D.D.C. 2003) (Lamberth, J.).  Section 1608(a) provides that service may be effected on a foreign state by one of four ways: (1) "by special arrangement for service between the plaintiff and the foreign state or political subdivision"; (2) "in accordance with an applicable international convention on service of judicial documents"; (3) if the first two options are not available, then by "sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned"; or (4) if service cannot be made under the third option, then by requesting that the clerk of the court send two copies of the aforementioned materials to "the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services—and the Secretary shall

transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted."   28 U.S.C. § 1608(a); *Stansell v. Republic of Cuba*, 217 F. Supp. 3d 320, 340 (D.D.C. 2016).

As noted above, service in this case on Iran was properly effected on Iran and the IRGC pursuant to the procedures set forth in 28 U.S.C. § 1608(a)(4). Dkts. 19, 30.   Accordingly, Defendants were properly served in accordance with 28 U.S.C. § 1608(a) and this Court has personal jurisdiction over them.

### 2.   Subject Matter Jurisdiction

Subject matter jurisdiction exists if the defendant's conduct falls within one of the specific statutory exceptions to immunity. *See* 28 U.S.C. §§ 1330(a), 1604.  Here, Defendants' conduct falls within the "state sponsor of terrorism" exception set forth at 28 U.S.C. § 1605A. Section 1605A strips immunity

> "in any case . . . in which money damages are sought against a foreign state for personal injury or death that was caused by an act of torture, extrajudicial killing, aircraft sabotage, hostage taking, or the provision of material support or resources for such an act if such act or provision of material support or resources is engaged in by an official, employee, or agent of such foreign state while acting within the scope of his or her office, employment, or agency."

28 U.S.C. § 1605A(a)(1).

To bring a suit in such a case, the foreign state defendant must have been designated by the U.S. Department of State as a "state sponsor of terrorism" at the time the act complained of occurred. *Id*; *Owens v. Republic of Sudan*, 826 F.Supp.2d 128, 148-149 (D.D.C. 2011). Moreover, subsection 28 U.S.C. § 1605A(a)(2)(A)(ii) requires that the "the claimant or *the victim* was, at the time the act . . . occurred—":

> "(I) a national of the United States;

6

(II) a member of the armed forces; or

(III) otherwise an employee of the Government of the United States . . . acting within the scope of the employee's employment . . . ."

28 U.S.C. § 1605A(a)(2)(A)(ii)(I-III)(emphasis added).

Plaintiffs satisfy each of the requirements for subject matter jurisdiction.

<u>First</u>, Iran was a designated state sponsor of terrorism at the time of the attacks and abductions described in the Amended Complaint and remains so today. U.S. Dep't of State, Determination Pursuant to Section 6(i) of the Export Administration Act of 1979—Iran, 49 Fed. Reg. 2836, Jan. 23, 1984 (designating Iran as a state sponsor of terrorism for the first time upon concluding that "Iran is a country which as repeatedly provided support for acts of international terrorism"). Once a country is designated as a state sponsor of terrorism, the designation cannot be rescinded unless the President submits to Congress a proper report. *See Owens*, 826 F.Supp.2d at 149. As of the date of this filing, Iran has never been removed from the List of State Sponsors of Terrorism. *Id.* As Iran has been a designated a state sponsor of terrorism since 1984, including at the time of the attacks and abductions, the requirements set forth in section 1605A(a)(2)(A)(i) are satisfied. *Owens*, 826 F.Supp.2d at 149.

<u>Second</u>, as demonstrated during the April 2018 trial in the above-captioned matter and as summarized in Plaintiffs' Proposed Findings (Dkt. 59-1), Defendants committed acts of hostage taking, torture, extrajudicial killing and the provision of material support for such acts against Jacob Fritz, Shawn Falter, Johnathan Bryan Chism, and Ahmed Al-Taie.

<u>Third</u>, as outlined in the Plaintiffs' Proposed Findings, the four U.S. service-members and all but one of their family member are U.S. nationals, as required by section 1605A(a)(2)(A)(ii). And subject matter jurisdiction may be asserted over the one non-U.S. national as he is a "third-party claimant who is not the legal representative of a victim physically injured by a terrorist

7

attack" since U.S. nationality is not required for the claimant where the victim meets the requirements of Section 1605A(a)(2). *See Owens v. Republic of Sudan*, 864 F.3d 751, 807 (D.C. Cir. 2017) ("In sum, by its plain text, the FSIA terrorism exception grants a court jurisdiction to hear a claim brought by a third-party claimant [including a Kenyan or Tanzanian family member] who is not the legal representative of a victim physically injured by a terrorist attack.").

**B.      Plaintiffs Presented "Evidence Satisfactory to the Court" that Defendants Caused Acts of Hostage Taking, Torture, and Extrajudicial Killing**

Finally, to establish entitlement to a default judgment, Plaintiffs must show that the acts of hostage taking, torture, and extrajudicial killing underlying this action were caused by the Defendants' actions or the actions of their agents or co-conspirators.  *See Owens v. Republic of Sudan*, 826 F.Supp.2d 128, 149 (D.D.C. 2011).  Plaintiffs submit that the testimony and exhibits presented at trial and summarized in their Proposed Findings, (Dkt. 59-1), establish in overwhelming fashion that Defendants' actions caused their injuries.  Specifically, the evidence demonstrated that Iran and the IRGC and their proxy Hezbollah conspired with AAH led by Qais al-Khazali and Laith Khazali to cause the hostage taking, torture, and extrajudicial killings of Jacob Fritz, Shawn Falter, Johnathan Bryan Chism, and Ahmed Al-Taie.

**III.    CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully request that this Court grant their Motion and enter a Judgment on Liability and appoint a Special Master pursuant to 28 U.S.C.

§ 1605A(e) to assess and recommend an award of appropriate damages.[1]


Dated:  June 15, 2018                                    Respectfully Submitted,


                                                         /s/ Steven R. Perles
                                                         Steven R. Perles (No. 326975)
                                                         Edward MacAllister   (No. 494558)
                                                         Joshua K. Perles (No. 1031069)
                                                         Emily Amick (No. 242018)
                                                         PERLES LAW FIRM, PC
                                                         1050 Connecticut Ave, NW
                                                         Suite 500
                                                         Washington, DC 20036
                                                         Telephone: 202-955-9055
                                                         Telefax: 202-955-3806


                                                         /s/ Steven W. Pelak
                                                         Steven W. Pelak (No. 408744)
                                                         Michael O'Leary (No. 1014610)
                                                         Gwen S. Green (No. 980495)
                                                         Holland & Hart LLP
                                                         975 F Street, N.W.
                                                         9th Floor
                                                         Washington, DC 20004
                                                         Telephone: 202-654-6929

                                                         *Attorneys for Plaintiffs*

---

[1] Plaintiffs are prepared to submit documentary and testimonial evidence in support of their claims for monetary damages.  Plaintiffs will submit requests for damages squarely within the heartland and median range of prior awards of damages by judges in other FSIA terrorism-exception cases in this district.  To the extent that the Court determines it may be more expeditious at this stage for the Court to resolve and award damages without an initial recommendation by a Special Master, Plaintiffs stand ready to submit directly to the Court at this time the above referenced documentary and testimonial evidence in support of their claims for damages.